IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                             No. CR 19-2168 KG

FERNANDO VALDEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Fernando Valdez' Motion to Compel Discovery (Motion) and Notice of *Brady* Request (*Brady* Request), both filed on August 15, 2019. (Docs. 31 and 32). The United States filed a joint response to Defendant's Motion and *Brady* Request on August 28, 2019. (Doc. 36). Having considered the briefing, the record, and the applicable law, the Court denies Defendant's Motion to Compel Discovery and accepts the United States' response to Defendant's *Brady* Request.

On May 6, 2019, Defendant was arrested and charged by criminal complaint with conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A). (Doc. 1). Defendant was indicted on the same charge on July 17, 2019. (Doc. 18).

The parties agree that the United States disclosed seven (7) pages of discovery on May 22, 2019, and that none of the disclosed materials included photographs or audio/video of the Defendant's arrest. (Doc. 31). On May 23, 2019, defense counsel requested, via email, audio and video recordings of the Defendant's arrest and post-arrest, and any relevant photographs. (*Id.*) Defense counsel followed-up on this request, again by e-mail, on July 24, 2019. (*Id.*)

A United States Magistrate Judge entered a standard discovery order on August 6, 2019. (Doc. 25). In relevant, the discovery order directs the United States to disclose certain

information—including audio and video recordings, and photographs "which are within the possession, custody, or control of the government"—within eight (8) days of the date of entry of the Order. (*Id.*) at ¶ 2(C); *see also* Fed. R. Crim. P. 16. Paragraph 8 allows a party to "petition this Court" for requested disclosures "only after a specific request for production has been denied by the opposing party," and states that "the Court will deny any such petition unless the party seeking production" complies with certain requirements. (*Id.*)

Defendant argues that the United States' failure to produce the requested materials constitutes a "denial" within the meaning of the discovery order, and asks this Court to compel production of any audio, video, or photographic evidence. (Doc. 31). Defendant's *Brady* Request seeks, among other things, these same materials. (Doc. 32).

In its joint response to Defendant's Motion and *Brady* Request, the United States essentially assures the Court that it is aware of its obligations under the law and will comply with those obligations. (Doc. 36). As a procedural matter, the United States argues that Defendant failed to seek the United States' position, as required by D.N.M.LR-Crim. 47.1, prior to filing the Motion. (*Id.*) Furthermore, the United States argues that it never denied or rejected a discovery request. (*Id.*)

As an initial matter, the Court accepts the United States' representations regarding Defendant's *Brady* Request. To the extent the *Brady* Request constitutes a motion, the motion is denied without prejudice to Defendant's ability to raise specific issues, if necessary, in the future.

The Court further accepts the United States' representation that Defendant did not seek concurrence on the instant Motion before filing. While this may indicate tension in the opposing counsel relationship, the Court declines to deny the Motion on this basis.

Next, the Court rejects the United States' argument that it has not "denied" or rejected a discovery request. Failing to produce requested materials, regardless of the reasons therefore, constitutes a "denial" within the meaning of Paragraph 8. Accordingly, the Court will not deny the Motion on this basis.

On the merits, Rule 16(a)(1)(E) requires the United States to disclose to the defendant, among other things, video and audio recordings and photographs that are material to preparing the defense or that the United States will use in its case-in-chief. For purposes of Rule 16, "[t]he prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any *federal agency* participating in the same investigation of the defendant." *United States v. Fort*, 478 F.3d 1099, 1100 (9th Cir. 2007) (emphasis in original). However, "[s]tate-gathered evidence becomes subject to Rule 16(a)(1)(E) disclosure 'when it passes into federal possession.'" *United States v. Coriz*, 2017 WL 4351754, at *1 (D.N.M. 2017) (quoting *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007)). Rule 16's disclosure requirement is not triggered until the United States takes possession of the state-gathered materials.

The Court accepts the United States' statement that the requested materials were generated or gathered by the New Mexico State Police, that the United States and its agencies have been working diligently to obtain these materials, and the United States has not yet taken possession of the requested materials. Therefore, for purposes of Rule 16, the United States is not in "possession, custody or control" of these materials, and disclosure obligation has not been triggered. Because the United States does not have "possession, custody or control" of the requested materials, Defendant's Motion to Compel Disclosure under Rule 16 is denied without prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE